[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee Richard T. Borchers ran a business out of his home and maintained a checking account with defendant-appellant Fifth Third Bank. In May 1998, James Smith, an acquaintance and former employee, came to Borchers's home. Unbeknownst to Borchers, while Smith was there, he stole a booklet of blank checks from Borchers's desk. Shortly thereafter, Borchers became concerned when he noticed that the balance on his account was unexplainably low. Upon contacting Fifth Third, he was instructed by an employee to wait until his next statement arrived. When Borchers received the statement approximately two weeks later, he examined it and discovered that eight checks that he had not written, all paid to James Smith, had been charged to his account. Borchers immediately contacted Fifth Third and reported the matter. Following an investigation, it was determined that Smith had stolen the checks from Borchers's home, had forged Borchers's signature as the drawer and listed himself as the payee, and had cashed the checks at Fifth Third banking centers where the tellers had failed to verify the authenticity of the drawer's signature.
In December 1998, after Fifth Third had refused to reimburse the $2,305 charged to his account as the result of its improper payment of the checks, Borchers filed a suit for negligence and conversion. In its answer, Fifth Third asserted as a defense, pursuant to R.C. 1303.49, that Borchers's failure to exercise ordinary care either barred his claim or necessitated that any damages be reduced in proportion to his fault. The case was tried to a magistrate, who, after hearing the evidence, rejected Fifth Third's defense and recommended that Fifth Third be held liable to Borchers for the full amount of $2,305. After overruling Fifth Third's objections, the trial court approved the decision of the magistrate and entered judgment in favor of Borchers. In this appeal, Fifth Third raises two assignments of error challenging the trial court's judgment. Because these assignments are interrelated, we discuss them together.
Fifth Third asserts that the magistrate applied the incorrect legal standard in ruling on its statutory defense. It argues that the magistrate applied a negligence standard rather than the ordinary-care standard provided in R.C. 1303.49. And, according to Fifth Third, the weight of the evidence supported a conclusion that Borchers's failure to exercise ordinary care in maintaining his checking records and in safeguarding his blank checks substantially contributed to losses coming from the stolen checks. Given this, it asserts that the trial court erred in adopting the magistrate's decision. We disagree.
Although Fifth Third is correct in arguing that, under the amended version of R.C. 1303.49, it was required to prove that Borchers failed to exercise "ordinary care," not that he was "negligent," we note that these standards are substantially similar. Moreover, given the presence of competent, credible evidence to support a finding that Borchers exercised ordinary care, we are unable to conclude that the trial court erred in adopting the magistrate's decision. Accordingly, we overrule the assignments of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.